**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
**ONE HOGAN PLACE**
**New York, N. Y. 10013**
**(212) 335-9000**

**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

November 12, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Trump*, No. 26-2427

Dear Ms. Wolfe:

I submit this letter in response to this Court's November 6, 2026, order directing the parties to file letter briefs on the impact of the "current state appellate proceedings, including the oral argument recently held before the New York State Appellate Division, First Judicial Department," in *People v. Trump*, Ind. No. 71543-23 (ACMS 52).[1] Tellingly, defendant has now conceded that "the 'good cause' requirement" can take into account the progress of a state-court appeal (ACMS 49 at 11). Here, as the People have previously explained (ACMS 46 at 24-26), and for the additional reasons below, the advanced stage of the state appellate proceedings weighs heavily against removal.

First, federal removal at such a late stage would needlessly waste judicial resources. A panel of justices on the First Department has already devoted substantial

---

[1] Video of the oral argument is available at https://tinyurl.com/k7n88uya (last accessed Nov. 12, 2026).

time and effort to reading the parties' extensive briefs, participating in the hour-plus oral argument, and likely deliberating on the disposition and reasoning of any decision. Removing defendant's appeal to federal court now would render that effort for naught and would require this Court to duplicate the efforts already undertaken by the state court judges. Removal is not warranted when state proceedings have progressed so far that federal court intervention would lead to "the concomitant waste of state judicial resources." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 188 (4th Cir. 2017).

Second, the advanced stage of the state-court appeal underscores the procedural questions—unanswered by the statute—that would have to be resolved if defendant were allowed to remove his appeal to federal court now (ACMS 46 at 48-51). For example, given that, as defendant concedes (ACMS 49 at 8), the filing of a notice of removal would not by itself prevent the First Department "from proceeding further," 28 U.S.C. § 1455(b)(3), the First Department could very well decide the appeal before the "district court determines that removal shall be permitted," *id.* § 1455(b)(5). But the statute provides no express mechanism for this Court to "review" any ruling from the First Department. Only the district court has the power to "dissolve[] or modif[y]" any "orders" entered in state court prior to removal, 28 U.S.C. § 1450, but even defendant does not suggest that it would be appropriate or seemly for a federal trial court to review a ruling by a state appellate court. And this Court employs different procedures and

exercises different review powers from the New York Court of Appeals, which would ordinarily review the First Department's rulings (ACMS 46 at 50). Given that this Court "resolve[s] any interpretive doubts against removability," *New York v. Trump*, 158 F.4th 458, 465 (2d Cir. 2025) (quotation marks omitted), the statute's silence on these key procedural questions weighs against allowing removal at this late stage.

Third, the First Department's handling of defendant's appeal—including at oral argument—undermines defendant's concerns about state-court hostility (ACMS 25 at 31; ACMS 49 at 9) and thus rebuts the need for removal in this case. At multiple turns, the First Department went out of its way to accommodate defendant: granting multiple extensions of time and requests to file oversized briefs, well beyond what this Court would ordinarily permit; and further granting defendant's request for a special argument session with expanded time for both sides. During argument, the First Department justices also even-handedly questioned both parties, including on the federal legal issues that defendant cites as the basis for removal. There is thus no indication whatsoever that the First Department lacks the competence or impartiality to adjudicate defendant's arguments "in the ordinary course on appeal," as the U.S. Supreme Court directed, *Trump v. New York*, 145 S. Ct. 1038 (2025).

Finally, the oral argument confirmed the importance of state-law issues (ACMS 46 at 25-25). On preemption, the justices focused on whether and to what extent the Federal Election Campaign Act was relevant to the prosecution's theory of liability

under state law, with the People explaining that defendant's convictions were solely for falsifying business records in violation of N.Y. Penal Law § 175.10; that New York law does not require the People to prove the commission of the crime being concealed by a false business record; and that evidence regarding federal campaign contributions was presented not to enforce federal law but rather as one of several facts from which the jury could draw an inference about defendant's criminal intent and the nature of the underlying Election Law conspiracy. On presidential immunity, the justices asked about both preservation and harmless error—state-law issues that could obviate resolution of the constitutional question. And a significant portion of the argument was devoted to the state-law question of whether the jury needed to be unanimous as to the particular "unlawful means" employed by defendant and his fellow conspirators under N.Y. Election Law § 17-152. Given the importance of state-law questions, the argument thus confirmed that the First Department is the appropriate forum to resolve defendant's objections to his state criminal conviction.

Respectfully submitted,

/s/ Steven C. Wu
Chief, Appeals Division
Manhattan District Attorney's Office
(212) 335-9326
wus@dany.nyc.gov